IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VALERIE BUNKER, <br><br> Plaintiff, <br><br> v. <br><br> THE KEY SCHOOL, INCORPORATED, *et al.*, <br><br> Defendants. | Case No. MJM-23-2662 |

**MEMORANDUM**

On April 11, 2024, this Court issued a Memorandum and corresponding Order granting Plaintiff's Motion to Certify a Question of Law to the Maryland Supreme Court. ECF Nos. 35 & 36. The Order granted the parties 14 days to file any objections to the question proposed in the Court's Memorandum. ECF No. 36.

On April 25, the parties filed a joint response to the proposed certified question. ECF No. 37. "Defendants believe that the Court should retain the proposed certified question of law as stated" in its prior Order. *Id.* at 3. Plaintiff, however, responds that the proposed question "unintentionally sidelines the presumption of constitutionality accompanying any act of the General Assembly." *Id.* at 1. Accordingly, Plaintiff suggests "a reformulation of the proposed question would enhance the question's neutrality." *Id.* at 1. Plaintiff proposes "isolating the necessary sub-issues" by breaking the question down into four "component parts . . . to ensure all issues are clearly identified . . . ." *Id.* at 2. Specifically, Plaintiff proposes certifying the following questions:

    1.    Whether the 2017 version of CJ 5-117(d) is a statute of limitations or a statute of repose?

    2.      Whether defendants have a vested right not to be sued following the expiration of the statutory time limit set forth in the 2017 version of CJ 5-117 for child sexual abuse claims?

    3.      Whether the Maryland Child Victims Act of 2023 impermissibly abrogates a vested right of defendants?

    4.      Whether the Maryland Child Victims Act of 2023 is constitutional?

*Id.* at 2–3.

This Court has considered the parties' positions and finds that the original question, as proposed in the April 11 Memorandum, is sufficiently clear, concise, and neutral in its presentation. Breaking the question down into parts, as Plaintiff suggests, would be unnecessarily cumbersome without adding clarity. Indeed, it is likely that the state court will ultimately answer each of the questions Plaintiff proposes. Plaintiff's proposal, however, may implicate other issues that need not be resolved by the state court to address the question of the CVA's constitutionality. Moreover, the Supreme Court of Maryland, in its discretion, can "reformulate [the] question of law certified to it." Md. Code Ann., Cts. & Jud. Proc. § 12-604.

Accordingly, Plaintiff's objection is OVERRULED. A separate Order will issue, certifying the following question of law to the Supreme Court of Maryland: Does the Maryland Child Victims Act of 2023 (Md. Code Ann., Cts. & Jud. Proc. § 5-117) constitute an impermissible abrogation of a vested right in violation of Article 24 of the Maryland Declaration of Rights and/or Article III, Section 40 of the Maryland Constitution?

April   29th   ,2024                                      /S/
                                                                              Matthew J. Maddox
                                                                              United States District Judge